NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK MARKUSSEN, | No. 17-35167 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05251-BHS |
| v. | |
| BERNARD EDWARD WARNER, Secretary of DOC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 14, 2018[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Washington state prisoner Mark Markussen appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations related to the handling of his legal mail. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment on Markussen's due process claim because Markussen failed to raise a genuine dispute of material fact as to whether he was provided with the process he was due. *See Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974) (explaining minimal procedural safeguards prisons must comply with in handling of legal mail), *overruled on other grounds by Thornburgh v. Abbot*, 490 U.S. 401, 418-19 (1989).

The district court properly granted summary judgment on Markussen's access-to-courts claim because Markussen failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (setting forth elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Markussen's retaliation claim because Markussen failed to raise a genuine dispute of material fact as to whether any defendant took adverse action against him because of his protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Markussen's requests, set forth in Docket Entry No. 16, are denied.

**AFFIRMED.**